UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DIANNA McINTYRE and )
ARTHUR McINTYRE, )
  )
        Plaintiffs, )
  )
v. ) Case No. 12-CV-0363-CVE-FHM
  )
MULTI-CRAFT CONTRACTORS, INC. and )
WAL-MART STORES EAST, L.P., )
  )
  )
        Defendants. )

**OPINION AND ORDER**

Now before the Court is Plaintiffs' Second Motion to Amend Complaint (Dkt. # 21).[1] Plaintiffs request leave to file an amended complaint alleging that the limitation on non-economic damages under OKLA. STAT. tit. 23, § 61.2 should be lifted and that plaintiffs are entitled to punitive damages under OKLA. STAT. tit. 23, § 9.1. Defendants object to plaintiffs' motion to amend, and they argue that plaintiffs' proposed amendments would be futile. Dkt. ## 23, 24.

On June 27, 2012, plaintiffs filed this case alleging that Dianna McIntyre slipped and fell while shopping at a Wal-Mart store in Grove, Oklahoma. Dkt. # 2. She claims that defendant Wal-Mart Stores East, L.P. (Wal-Mart) was negligent for allowing a dangerous condition to exist on its premises. Id. at 1. She also claims that defendant Multi-Craft Contractors, Inc. (Multi-Craft) was working at the Wal-Mart store in Grove, and Multi-Craft negligently performed repair work and caused the dangerous condition. Id. at 2. Dianna McIntyre alleges that she "was severely physically

---

[1]     Plaintiffs' original motion to amend (Dkt. # 20) contained an incorrect statutory citation but was identical to plaintiffs' second motion to amend in all other respects. The Court found that the original motion to amend was moot. Dkt. # 22.

injured, lost wages and income, suffered mental and physical pain, and incurred medical expenses" as a result of her slip and fall. Id. Arthur McIntrye claims that he "suffered a loss of consortium, services, and society of his wife." Id. Plaintiffs each seek in excess of $750,000 in damages. However, plaintiffs do not request punitive damages and they do not allege that the statutory cap on noneconomic damages should be lifted.

Plaintiffs now request leave to file an amended complaint alleging that the cap on noneconomic damages should be lifted and that plaintiffs are entitled to punitive damages. Plaintiffs state that they have deposed certain fact witnesses, and they have learned new facts that would support lifting the cap on noneconomic damages and a demand for punitive damages. They state that Wal-Mart contacted Multi-Craft to perform repair work on a refrigerator coil, and the Multi-Craft repairman used hot water and an electric pump to thaw frozen refrigerator coils. Dkt. # 21, at 2. Plaintiffs state that no warning signs were placed in the frozen food aisle to warn shoppers of a potential hazard, and Dianna McIntyre slipped and fell in water that had collected in the aisle. Id. Plaintiffs claim that Wal-Mart displayed a warning sign after Dianna McIntyre fell.[2] Id.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not

---

[2]  The Court notes that none of these facts is alleged in the proposed amended complaint, and these allegations are stated in plaintiffs' motion to amend only.

survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206.

The deadline to file motions for joinder of additional parties or to amend pleadings was December 3, 2012, and plaintiffs' motion was filed within the deadline set in the scheduling order. Defendants do not argue that plaintiffs unduly delayed in filing their motion to amend. Defendants argue that plaintiffs' proposed amendments would be futile, because the facts recited in plaintiffs' motion to amend give rise to a claim of ordinary negligence, if any negligence claim at all, and her claim is subject to the statutory cap on noneconomic damages. Dkt. # 24, at 4. Under § 61.2(B), "in any civil action arising from a claimed bodily injury, the amount of compensation which a trier of fact may award a plaintiff for noneconomic loss shall not exceed [$350,000], regardless of the number of parties against whom the action is brought or the number of actions brought." However, this cap on noneconomic damages may be lifted if the judge and jury find by clear and convincing evidence that the defendant's actions were:

1.  In reckless disregard for the rights of others;

2.  Grossly negligent;

3.  Fraudulent; or

4.  Intentional or with malice.

OKLA. STAT. tit. 23, § 61.2(C). The statute defines "gross negligence" as "the want of slight care and diligence, and "reckless disregard for the rights of others" means that the "defendant was either aware, or did not care, that there was a substantial and unnecessary risk that his, her or its conduct

would cause serious injury to others." OKLA. STAT. tit. 23, § 61.2(H). To be entitled to punitive damages under § 9.1, plaintiff must show by clear and convincing evidence that defendants acted with reckless disregard for the rights of others. OKLA. STAT. tit. 23, § 9.1(B). The evidence must show "reckless and wanton disregard of another's rights from which malice and evil intent may be inferred." Payne v. Dewitt, 995 P.2d 1088, 1093 n.17 (Okla. 1999).

Oklahoma law makes a clear distinction between ordinary and gross negligence. Under Oklahoma law, plaintiff must prove three elements to prevail on an ordinary negligence claim: (1) defendant owed a duty to plaintiff to protect plaintiff from injury; (2) defendant violated that duty; and (3) plaintiff suffered injuries that were proximately caused by defendant's violation of a duty. Consolidated Grain & Barge Co. v. Structural Systems, Inc., 212 P.3d 1168, 1171 n.8 (Okla. 2009). The nature of the duty owed by a landowner to an entrant onto real property depends on whether the entrant is classified as a trespasser, licensee, or invitee and, based on the facts alleged in the complaint, it appears that plaintiff was an invitee. McKinney v. Harrington, 855 P.2d 602, 604 (Okla. 1993). "The owner of premises owes 'the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers.'" Ruddy v. Skelly, 231 P.3d 725, 727 (Okla. Civ. App. 2009) (quoting Rogers v. Hennessee, 602 P.2d 1033, 1034 (Okla. 1979)). In contrast to ordinary negligence, gross negligence is defined as the "want of slight care and diligence." OKLA. STAT. tit. 23, § 61.2. To constitute gross negligence, a defendant's action must be "so flagrant, so deliberate, or so reckless that it is removed from the realm of mere negligence." Fox v. Oklahoma Mem'l Hosp., 774 P.2d 459, 461 (Okla. 1989). "The intentional failure to perform a manifest duty in reckless disregard of

the consequences or in callous indifference to the life, liberty or property of another, may result in such a gross want of care for the rights of others . . . ." Id.

The Court has reviewed plaintiffs' motion to amend and finds that it should be denied. Construing the factual allegations stated in the motion to amend in a light most favorable to plaintiff, it is clear that plaintiffs' claims arise out of a garden-variety slip and fall and there are no allegations supporting an inference that defendants acted with gross negligence or with reckless disregard for the rights of others. At most, plaintiff has alleged that water from a frozen refrigerator coil leaked onto the floor of the frozen food aisle and that there were no warning signs advising shoppers of a potential hazard. She does not allege that Wal-Mart or Multi-Craft were aware of the hazard and that they disregarded any risk of harm to other persons. If plaintiffs' allegations are true, defendants may have had an obligation to warn shoppers of a hidden danger, but the mere failure to warn does not remove this case from the realm of ordinary negligence.[3] Thus, plaintiffs' allegations are not sufficient to lift the cap on noneconomic damages under § 61.2. In addition, plaintiffs' allegations do not support an inference that defendants acted with such "reckless and wanton disregard of another's rights from with malice and evil intent may be inferred." Payne, 995 P.2d at 1093 n.17 (Okla. 1999). In fact, Plaintiffs' allegation that Wal-Mart posted a warning after Dianna McIntyre fell could support a finding that Wal-Mart was attempting to prevent harm to others after Wal-Mart

---

[3]   Defendants argue that the warning posted after Dianna McIntyre's slip and fall is a subsequent remedial measure that is inadmissible under Fed. R. Evid. 407. While Rule 407 states that evidence of subsequent remedial measures is inadmissible to prove negligence, such evidence may be used for other purposes and the Court declines to offer a preliminary ruling on the admissibility of evidence without giving plaintiffs a full opportunity to respond to defendants' argument.

learned of the hazard and that Dianna McIntyre's slip and fall was an accident. It would be futile to allow plaintiffs to amend their complaint to include a demand for punitive damages.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Amend Complaint (Dkt. # 21) is **denied**.

**DATED** this 11th day of December, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE